FILED
United States Court of Appeals
Tenth Circuit

June 6, 2023

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RECO D. MANNING,

    Defendant - Appellant.

No. 22-5099
(D.C. No. 4:13-CR-00206-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **McHUGH**, **MURPHY**, and **CARSON**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

Reco Manning appeals from the sentence imposed by the district court upon revocation of his term of supervised release. Manning asserts the sentence of twenty-four months' imprisonment, to be followed by an additional one year of supervised release, is unduly harsh and, therefore, substantively unreasonable. This court

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

exercises jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and **affirms** the district court's judgment.

A federal jury convicted Manning on one count of being a felon illegally in possession of a firearm and ammunition, 18 U.S.C. §§ 922(g)(1), 924(a)(1); one count of possession of heroin with intent to distribute, 21 U.S.C. § 841(a)(1), (b)(1)(C); and one count of possession of methamphetamine with intent to distribute, *id.* § 841(a)(1), (b)(1)(C). *See United States v. Manning*, 635 F. App'x 404, 405-06 (10th Cir. 2015). Because Manning was a career offender, his advisory sentencing range was 210 to 240 months' imprisonment. *Id.* The district court departed downward and imposed a sentence of 112 months' imprisonment. *Id.* It ordered that Manning serve a three-year term of supervised release upon his release from incarceration. *Id.* Manning completed his sentence on July 20, 2021, and was released on supervision in Georgia. Although Manning was supervised in Georgia, jurisdiction remained with the Northern District of Oklahoma.

In June 2022, Manning received permission from his probation officer to travel to Arkansas to help care for his injured father. On July 28, 2022, at about 1:30 a.m., Sergeant Griffin of the Pine Bluff (Arkansas) Police Department, responded to a call of shots fired. When he observed a car speeding away from the scene, Griffin activated his lights and siren and, after a short pursuit, stopped the car. When he approached the driver's side of the car, Griffin noticed the driver was sweating and very frantic. After learning the driver, Manning, was on supervision and had a search condition, officers asked Manning to step out of the car. When Manning reached

2

down, officers noticed a gun on the driver's side floorboard; they removed Manning from the car and detained him. Officers recovered the gun—a Taurus .45 handgun—from the floorboard of the car. The handgun was fully loaded and there was a round in the chamber. Officers also found pill bottles with other people's names containing marijuana, methamphetamine, cocaine, and over 300 pills suspected to be, inter alia, hydrocodone, Adderall, and MDMA. Because the local jail was short-staffed and would only hold defendants charged with violent crimes, officers released Manning.

Shortly after the incident, an officer contacted Manning's probation officer in Georgia and provided her with reports detailing the July 28th incident. This was the first she had heard about the matter. In violation of a condition of his supervised release, Manning had not contacted her after his detention. Based on the July 28th incident, the probation office in Georgia requested Manning's case be returned to Oklahoma to request a supervised release revocation warrant. Manning's probation officer in Oklahoma sought just such a warrant on August 16, 2022. The day after the warrant issued, Manning was again stopped for a traffic violation in Arkansas. He possessed marijuana and suspected oxycodone pills. Manning was arrested on the supervised release violation warrant and, eventually, returned to the Northern District of Oklahoma for a revocation hearing.

Before the hearing, the probation office submitted a superseding petition alleging Manning violated five different conditions of supervision based on his

conduct in Arkansas.[1] Based on those alleged violations, together with his category VI criminal history, Manning faced an advisory sentencing range of 21 to 27 months' imprisonment. Neither party disputed that calculation. Manning did, however, request a downward variance from the advisory range. He argued a sentence of home detention was appropriate because it was the first time he was charged with violating his conditions of supervision; he was taking responsibility for his actions; he had no infractions while in custody on the original sentence; he could care for his aunt if released; and he has serious health issues. The government opposed Manning's request for a variance, arguing the nature of the violations and Manning's underlying conviction warranted a guideline sentence of twenty-four months.

At the hearing, Manning denied the alleged violations of his supervised release. The government called police officers on the scene of Manning's July 28th detention and a Northern District of Oklahoma probation officer to prove the violations. Manning testified on his own behalf and offered an alternative version of the July 28th stop. In Manning's version of events, either a friend or unknown party left the gun and drugs in the car. Manning did admit to having methamphetamine in

---

[1] The specific violations were as follows: (1) mandatory condition number one—the defendant shall not commit another federal, state or local law violation; (2) mandatory condition number two—the defendant shall not unlawfully possess or use a controlled substance; (3) mandatory condition number four—the defendant shall not possess a firearm or ammunition; (4) standard condition number eleven—a defendant shall notify the probation officer within 72 hours of being arrested or questioned by the police; and (5) standard condition number ten—a defendant shall permit a probation officer to visit him anytime at his home and confiscate any contraband.

his pocket for personal use. Manning further claimed he could not call his probation officer after the incident because the police took his phone, which contained the probation officer's number. On cross-examination, he claimed he did not attempt to look up his probation officer's phone number because he was not "up to date with all that high-tech stuff." Manning also described his serious health issues: deep vein thrombosis, a pulmonary embolism, and issues related to exposure to black mold while imprisoned that required use of a prescription asthma inhaler.

After hearing the evidence, the district court found Manning violated four separate conditions of his supervised release.[2] It found the government proved Manning possessed methamphetamine, marijuana, and the handgun found in the car on July 28th. The court specifically found Manning's alternate explanation for the presence of guns and drugs in his car on July 28th not credible. Turning to the appropriate sentence, the district court heard from the prosecutor and defense counsel, as well as from Manning himself. Defense counsel argued Manning had people supporting him, including his mother, and he had an opportunity to return to his community in Georgia. In response to this argument, the court reminded counsel that Georgia refused to accept supervision of Manning, so home confinement in Manning's mother's home was not an option. Counsel acknowledged that was "a problem," but did not offer an alternative basis for home confinement. Defense

---

[2] The district court concluded the government did not prove Manning violated standard condition ten—which obligates a supervisee to allow his probation officer to inspect the supervisee's home.

counsel told the court that Manning, at the age of thirty-nine, had "learned and clearly understands that there are consequences" and implored the court to give Manning a below-guideline sentence. The court responded by noting it departed downward significantly at the original sentencing based on Manning's potential. For its part, the government argued Manning's violations were "a pretty egregious repeat offense." Despite Manning's claim he was trying to do the right thing, he engaged in the exact same criminal acts that brought him before the court the first time.

The district court rejected Manning's request for a variance, concluding as follows:

> The court has reviewed the defendant's motion for . . . [a] non-guideline sentence . . . along with the letters submitted on his behalf. The court has also reviewed the government's response opposing the defendant's motion for variance or non-guideline sentence . . . .
>
> The defendant was previously found guilty of felon in possession of a firearm and ammunition, possession of heroin with intent to distribute, and possession of methamphetamine with intent to distribute. At sentencing, he received a downward variance from the career offender prescribed guideline range of 210 to 240 months to a range of 110 to 137 months and was sentenced to 112 months' imprisonment to be followed by concurrent three-year terms of supervised release.
>
> On July 28th of this year, during a traffic stop in Pine Bluff, Arkansas, the defendant was found in possession of methamphetamine, various pills which have yet to be tested, . . . marijuana, along with a firearm. Additionally, the defendant failed to notify the probation office of his contact with law enforcement . . . .
>
> Based upon the nature of the defendant's violations and the similarities to the underlying convictions, the court finds that the factors cited by the defendant fail to separate him from the mine run of similarly situated defendants to a degree that would warrant a variance. Accordingly, the defendant's motion for variance or non-guideline sentence . . . will be denied.

   The court recognizes that the guidelines are advisory and are not mandatory, but has considered those guidelines along with all of the factors set forth in Section 3553(a) to reach an appropriate and reasonable sentence in this case. Specifically, the court has considered the nature and circumstances of the violations and the defendant's history and characteristics.

   The defendant committed new law violations, possessed a firearm, possessed controlled drugs, and failed to notify the probation office of law enforcement contact. The defendant's violations of his conditions of supervision exhibit a pattern of noncompliance. Based on these factors, a sentence within the advisory guideline range will serve as an adequate deterrent to this defendant as well as others, promote respect for the law, provide just punishment for the offense, and provide protection for the public.

   In accordance with applicable law, this court hereby imposes the following sentence: It's the order and judgment of this court that the term of supervised release shall be revoked and that the defendant, Reco D. Manning, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 24 months as to each of [the counts], with each count to run concurrently with the other.

On appeal, Manning asserts his sentence is not substantively reasonable because it "is simply too harsh" under the totality of the circumstances of this case. "In imposing a sentence following revocation of supervised release, a district court is required to consider both [the Sentencing Guidelines Chapter 7's policy statements], as well as a number of the factors provided in 18 U.S.C. § 3553(a)." *United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006) (citation omitted). "In reviewing a sentence imposed after revocation of supervised release, we review the district court's factual findings for clear error and its legal conclusions de novo." *United States v. Handley*, 678 F.3d 1185, 1188 (10th Cir. 2012). This court will not reverse such a sentence if the record establishes that the sentence is "reasoned and

reasonable." *Id*. (quotation omitted). "A reasoned sentence is one that is procedurally reasonable; and a reasonable sentence is one that is substantively reasonable." *United States v. Vigil*, 696 F.3d 997, 1001 (10th Cir. 2012) (quotation omitted). "Substantive reasonableness review broadly looks to whether the district court abused its discretion in weighing permissible § 3553(a) factors in light of the totality of the circumstances." *Id.* at 1002 (quotation omitted). The overarching question is whether the district court abused its discretion in selecting the sentence it deems reasonable. *See United States v. Ruby*, 706 F.3d 1221, 1225 (10th Cir. 2013). A sentence that falls within the properly calculated guidelines range, like the one at issue here, is presumed to be substantively reasonable. *United States v. McBride*, 633 F.3d 1229, 1232-33 (10th Cir. 2011) (noting the presumption applies "in reviewing a revocation-of-supervised-release sentence within the range suggested by the Commission's policy statements").

Manning has not come close to overcoming the presumption of reasonableness that attaches to his within-guidelines sentence. The district court here was faced with serious new violations of law. *See Smith v. United States*, 508 U.S. 223, 240 (1993) (recognizing that drugs and guns are a "dangerous combination"). This criminal conduct mirrored the conduct underlying the convictions that led to Manning's supervised release, demonstrating a complete lack of appreciation for the substantial sentencing break the district court afforded Manning on his original convictions. Given those facts, it was not remotely unreasonable for the district court to emphasize deterrence and the protection of the public over concerns about Manning's

health.  This is especially true because the district court (1) recommended Manning be placed in a facility other than the one that caused his problems with mold and (2) took steps to make sure the United States Marshal's Service was aware of Manning's health issues and was monitoring those issues while Manning was in its custody.  Nor does Manning's professed desire to care for his aunt and return to his landscaping job overcome the presumption his within-advisory-guidelines-range sentence was reasonable.  Manning was not working at his landscaping business in Georgia or helping his aunt when he was arrested with drugs and a gun in Arkansas.  Instead, he had been in Arkansas for over a month.  In any event, the record reveals Manning could not return to Georgia to work or care for his aunt because the United States Probation Office in Georgia refused to resume supervision of him.  In response to the district court's direct recognition of that fact, Manning did not present a viable home confinement plan.  Finally, the mere fact Manning did not have a disciplinary record while incarcerated and did not violate the terms of his supervised release for approximately one year does not mandate a shorter sentence.  Instead, the district court could, and did, reasonably conclude that the danger inherent in Manning's new violations of law required a lengthy custodial sentence to protect the public and demonstrate both specific and general deterrence.

     At base, Manning asks this court to reexamine the record and come to our own conclusion about what sentence was appropriate in this case.  This court does not, however, "reweigh the sentencing factors but instead ask[s] whether the sentence fell within the range of rationally available choices that facts and the law at issue can

9

fairly support.  We reverse only when the district court renders a judgment that is arbitrary, capricious, whimsical or manifestly unreasonable." *United States v. Blair*, 933 F.3d 1271, 1274 (10th Cir. 2019) (citation and quotations omitted).  The sentence imposed by the district court in this case was undoubtedly reasonable.

    For those reasons set out above, the judgment entered by the United States District Court for the Northern District of Oklahoma is hereby **AFFIRMED**.

                                        Entered for the Court

                                        Michael R. Murphy
                                        Circuit Judge

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

| | | |
|---|---|---|
| Christopher M. Wolpert<br>Clerk of Court | | Jane K. Castro<br>Chief Deputy Clerk |

June 06, 2023

Mr. Ryan Thomas Truskoski
1300-G El Paseo Road, Suite 122
Las Cruces, NM 88001

**RE:**   22-5099, United States v. Manning
          Dist/Ag docket: 4:13-CR-00206-GKF-1

Dear Counsel:

Attached is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40(a)(1), any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 3900 words or 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:   Leena Alam
      George Jiang
      Amy Elizabeth Potter

CMW/at

# Lynn Tiefenthaler

| | |
|---|---|
| **From:** | ca10_cmecf_notify@ca10.uscourts.gov |
| **Sent:** | Tuesday, June 6, 2023 10:52 AM |
| **To:** | CM-ECF Intake OKND |
| **Subject:** | 22-5099 United States v. Manning "Case termination for order and judgment" (4:13-CR-00206-GKF-1) |

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

## Tenth Circuit Court of Appeals

**Notice of Docket Activity**

The following transaction was entered on 06/06/2023 at 9:47:32 AM Mountain Daylight Time and filed on 06/06/2023

| | |
|---|---|
| **Case Name:** | United States v. Manning |
| **Case Number:** | 22-5099 |
| **Document(s):** | Document(s) |

**Docket Text:**
[11004256] Affirmed. Terminated on the merits after submissions without oral hearing. Written, signed, and unpublished. Judges McHugh, Murphy (authoring judge), and Carson. Mandate to issue. [22-5099]

**Notice will be electronically mailed to:**

Ms. Leena Alam: leena.alam@usdoj.gov, wforeman@usa.doj.gov, caseview.ecf@usdoj.gov, elizabeth.dick@usdoj.gov
George Jiang: george.jiang@usdoj.gov, william.foreman@usdoj.gov
Amy Elizabeth Potter: amy@angelilaw.com, heather@angelilaw.com, elizabeth@angelilaw.com, frontdesk@angelilaw.com
Mr. Ryan Thomas Truskoski: Rtrusk1@aol.com


The following document(s) are associated with this transaction:
**Document Description:** Order and Judgment
**Original Filename:** 22-5099.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1104938855 [Date=06/06/2023] [FileNumber=11004256-0]
[48362501165e7967a317270716038754d7290118b353bbb5987e8f70615eb02bc3a623d793ba2ef0a0c99f1a5ca820111f
02f0a39e081b004b1d1985f4eec298]]

**Document Description:** Order Judgment Cover Letter
**Original Filename:** /opt/ACECF/live/forms/AnthonyTrujillo_225099_11004256_136.pdf
**Electronic Document Stamp:**

[STAMP acecfStamp_ID=1104938855 [Date=06/06/2023] [FileNumber=11004256-1]
[c2f77fe51f1bea44c16c12fb66e8950c3a2471c12e38dfa3364576f95ba6ad055a27ea19071746ae59a39e945642367a167ab7e6b7fc3e5f47f06628d381f2fb]]

**Recipients:**

- Ms. Leena Alam
- George Jiang
- Amy Elizabeth Potter
- Mr. Ryan Thomas Truskoski